# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| ALBERT BRINSON and<br>DAWN LOUISE BRINSON,<br><br>Plaintiffs,<br><br>v.<br><br>PAT WELSH; CITY OF TYBEE<br>ISLAND CORP.; STEVEN<br>SCHEER; and ROBERT BRYSON,<br><br>Defendants. | Case No. CV416-222 |

## O R D E R

Albert and Dawn Louise Brinson, proceeding *pro se* (though they paid the $400 filing fee), have sued the City of Tybee Island and three City employees for a "Dog on the Beach" citation given while they attempted to launch a sailboat, dogs in tow, from the "Tybee Island Boat Ramp on Alley 3." Doc. 1 at 4. Plaintiffs contend that something about the events surrounding the citation constituted discrimination and harassment in violation of the 4th, 5th, 8th, 9th, and 14th Amendments, as well as 42 U.S.C. §§ 1981, 1983, 1985, and 1986. *Id.* at 3-4. For good measure, they contend that the citation itself constitutes a Bill Of

Attainder. *Id.* at 3. The Court now preliminarily screens plaintiffs' Complaint. *See Cuyler v. Aurora Loan Services, LLC*, 2012 WL 10488184 at * 2 (11th Cir. 2012) (notwithstanding filing fee payment, "a district court has the inherent authority to dismiss a patently frivolous complaint"); *Wilkerson v. Georgia*, 2014 WL 3644179 at * 1 (S.D. Ga. July 21, 2014) (dismissing *pro se* complaint on frivolity grounds even though plaintiff paid full filing fee), *rev'd on other grounds by* 618 F. App'x 610 (11th Cir. 2015).[1]

Courts are obligated to liberally construe *pro se* complaints, but they may not serve "as *de facto* counsel for the litigant or rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014). Here, plaintiffs haven't given the Court many facts to support their discrimination conclusion, or the many statutory and constitutional violations they allege. All they say (in its unedited entirety) is this:

---

[1] District courts have the inherent power to dismiss *sua sponte* frivolous lawsuits, even those where the plaintiff pays the full filing fee. *See Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc.*, 695 F.2d 524, 526 n. 3 (11th Cir. 1983) (noting that courts may *sua sponte* dismiss actions for lacking merit "if the proper procedural steps are taken and if the determination is correct on the merits"); *Roberts v. Memorial Medical Center*, 2012 WL 5350366 at * 1 (S.D. Ga. Oct. 29, 2012) (dismissing *pro se* employment discrimination case despite payment of full filing fee in part because complaint failed to allege exhaustion of administrative remedies).

> 1) On 18 June 2016 my family was discriminated against and harassed by Pat Welsh while attempting to launch our sailboat at the Tybee Island Boat Ramp on Alley 3. 2) After explaining our intent to sail with the pups, we were cited for, "Dog on the Beach." 3) Alley 3 has a boat ramp and private, waterfront property bordering both sides of that ramp. 4) The City posted a Beach rules sign, where there is no public beach. 5) Ocean Rescue, Google, and Tybee Island Tourism sites call it a boat Ramp. 6) We injured no one, yet were forced to leave.

Doc. 1 at 4.

Although mostly factual (a good thing), that recitation of events tells the Court nothing about how Welsh discriminated against plaintiffs or on what basis. Was it because of plaintiffs' race? Their religion? Their gender? Or was it because they had dogs? The alleged basis for discrimination matters greatly because federal law only protects citizens from some forms of discrimination (*e.g.*, race), but not others (*e.g.*, "the pups"). *See, e.g.*, 42 U.S.C. § 2000e. As is, plaintiffs' Complaint utterly fails to state a claim.[2]

Nevertheless, because of their *pro se* status, and in view of Fed. R. Civ. P. 15(a)'s admonition to give leave freely "when justice so requires," the Court will give plaintiffs another chance to explain the facts

---

[2] Local law enforcement's decision to issue tickets does not alone generate federal claims. Only if the police decision violated some federally protected right will this Court have subject matter jurisdiction. *See* 28 U.S.C. § 1331. If plaintiffs believe Welsh cited them incorrectly for "dog on a beach," they need to pursue that issue in state court, not here.

surrounding their claims. This time, however, they must include a *coherent* "short and plain statement of the claim showing" that they are entitled to the relief sought. Fed. R. Civ. P. 8(a)(2). That means plaintiffs must present the Court with the *factual* allegations that support their discrimination assertion. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (complaints must contain factual allegations "sufficient to raise a right to relief above the speculative level"). Mere conclusions that defendants harassed or discriminated, or that they violated the law, will not do. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). To that end, plaintiffs must file an Amended Complaint within 14 days of the day this Order is served or face a recommendation of dismissal. And that Amended Complaint must contain facts establishing each claim.³

**SO ORDERED**, this  22nd  day of August, 2016.

*[signature]*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

³ To state a 42 U.S.C. § 1983 claim, for example, a plaintiff must plead that he was (1) deprived of a right; (2) secured by the Constitution or laws of the United States; and (3) that the alleged deprivation was committed under color of state law. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999); *Rayburn v. Hogue*, 241 F.3d 1341, 1348 (11th Cir. 2001); *Archey v. City of Deerfield Beach, Florida*, 2016 WL 4376650 at * 2 (S.D. Fla. Aug. 17, 2016).