# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| ALBERT E. BRINSON,<br>DAWN BRINSON,<br><br>    Plaintiffs,<br><br>v.<br><br>PAT WELSH, *et al.*,<br><br>    Defendants. | Case No. CV416-222 |

## REPORT AND RECOMMENDATION

Proceeding *pro* se, Albert and Dawn Brinson have sued the City of Tybee Island and three City employees for a "Dog on the Beach" citation given while they attempted to launch a sailboat, dogs in tow, from the "Tybee Island Boat Ramp on Alley 3." Doc. 1 at 4. After preliminarily screening their case,[1] the Court directed them to file an Amended Complaint that would cogently set forth sufficient facts to support each

---

[1] As noted in the Court's order dismissing with leave to amend, district courts have the inherent power to dismiss *sua sponte* frivolous lawsuits, even those where the plaintiff pays the full filing fee. *See Cuyler v. Aurora Loan Services, LLC*, 2012 WL 10488184 at * 2 (11th Cir. 2012) (notwithstanding filing fee payment, "a district court has the inherent authority to dismiss a patently frivolous complaint"); *Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc.*, 695 F.2d 524, 526 n.3 (11th Cir. 1983) (courts may *sua sponte* dismiss actions for lacking merit "if the proper procedural steps are taken and if the determination is correct on the merits").

alleged claim. Doc. 2.

Plaintiffs have responded with lengthy and incoherent arguments that amount to an accusation that this Court's Order was both "collusive" – apparently with the City of Tybee and its citations methods -- and "an attempt to dissuade" them from seeking judicial relief. Docs. 3 & 4. They advance some facts and arguments about the precipitating incident -- being cited for having their dog on the beach -- but fail to cure their Complaint's deficiencies. They fail to identify the basis of any alleged discrimination that took place, and fail to adhere to this Court's admonition to "include a *coherent* 'short and plain statement of the claim showing' that they are entitled to the relief sought." Doc. 2 (citing Fed. R. Civ. P. 8(a)(2).

"Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *U.S. ex rel. Garst v. Lockheed–Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). The Brinsons have demonstrated that any additional opportunity to amend their complaint would be futile. Accordingly, their case should be **DISMISSED WITH PREJUDICE**.

**SO REPORTED AND** RECOMMENDED this  13th   day of September, 2016.

_/s/ G. R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA